R. N. LUCCOCK, Thomas N. Luccock, and Phillip H. Luccock, Petitioners,

v.

The CITY OF NORMAN, Oklahoma, a Municipal Corporation, Respondents.

No. 51723.

Supreme Court of Oklahoma.

May 9, 1978.

Fielding D. Haas, Norman, for petitioners.

Douglas J. Juergens, City Atty., Norman, for respondents.

IRWIN, Justice.

Petitioners are the owners of a tract of land within the corporate limits of the City of Norman, Oklahoma (City). Condemnation proceedings were commenced by City to acquire an easement across a portion of petitioners' land for the purpose of constructing a storm sewer. Petitioners filed their objections to the Commissioner's Report alleging there was no necessity to take an easement across their land as City could just as easily construct its storm sewer under an adjoining public street. Furthermore, petitioners alleged that where "practical" City must construct its storm sewer improvement using existing public right of way. 11 O.S.1971, § 276. After a full evidentiary hearing on petitioners' objections, the trial court overruled those objections and certified its order for review.

The easement sought to be condemned is across property described as "the North 15 feet of the West 455.4 feet of the Southwest quarter * * *." A public street adjoins the property on the north. The evidence submitted represents highly divergent views as to the relative ease and economy of re-routing the sewer under the public street or right of way adjoining petitioners' property. Expert witnesses testifying on behalf of City gave varying estimates of the additional cost involved in constructing the sewer under the street. One witness set the figure at an additional $20,000.00, while the other, who considered additional factors such as removing and replacing electrical lines, estimated the additional cost at $100,000.00. Petitioner's witness was of the view no electrical lines would need to be removed and replaced. In the opinion of Petitioner's witness the additional cost of the sewer when constructed under the street would be approximately $3,200.00. Witnesses for City and petitioners also disagreed as to existence of other impediments to the construction of the sewer line under the street which, while not involving additional cost may have rendered construction by that route more difficult.

■ Private property may not be taken or damaged by the condemning agency unless the taking or damage is necessary for the accomplishment of a lawful public purpose. Art. 2, §§ 23 & 24, Okla.Const. The necessity of taking property for public purposes in eminent domain proceedings must be determined by the conditions existing at the time of the taking. The word "necessity", as the word is employed in condemnation proceedings, does not mean an absolute but only a reasonable necessity, and a municipality, in the exercise of its powers of eminent domain, has the power and authority to condemn property, in the absence of fraud, bad faith or an abuse of discretion, although such property sought to be condemned is not absolutely necessary for public purposes. *Oklahoma City v. G. C. Cooper,* Okl., 420 P.2d 508 (1966). Whether or not it is necessary to take a particular piece of property for the economic and efficient accomplishment of a lawful public purpose is a question of fact to be determined from the attendant facts and circumstances as developed by the evidence. The issue of necessity of the taking in condemnation proceedings is a question for the trial court, whose findings will not be disturbed on appeal where there is evidence in the record reasonably tending to support such findings. *Bush v. Oklahoma City,* 194 Okl. 504, 154 P.2d 960 (1945).

Petitioners contend that our statutes require a municipality to use its own property before condemning private property for a public purpose and cite 11 O.S.1971, § 276, as controlling authority. Sec. 276, in so far as is pertinent here, states:

"No sewer shall run diagonally through private property, when it is practicable, without injury to such sewer, to construct it parallel with one of the exterior lines of such property; *nor shall any public sewer be constructed through private property when it is practicable to construct it along or through a street or other public highway . . .*" (emphasis supplied)

■ As we view the issue of "practicability" in the context of § 276, supra, the Legislature has prescribed the policy that where use of an existing public right of way for the construction of a sewer is "practicable" there is no "necessity" for the taking of private property. Thus, as in any other controversy concerning "necessity of taking", the practicability of the route chosen for a public sewer must involve the weighing of the relative pros and cons of the particular circumstances. The evidence in the record shows that when planning the storm sewer system here involved various routes were considered. The alternative routes for the sewer were eliminated because each presented impediments, economic or otherwise, to the efficient completion of the project. This does not mean, however, that the courts are bound by City's decision, rather it means that when challenging the City's proposed route through private property the land owner must come forward to demonstrate that construction under the street is, in relative terms, "practicable" as compared to the route chosen.

■ Petitioners' evidence was to the effect that construction of the sewer under the adjoining street would be only a little more expensive and no more difficult. City's evidence was to the effect that there were substantial cost and construction factors which rendered the route proposed by petitioners not practical as an alternative to the one chosen. On the whole and given the substantial variance between the evidence of the parties, we cannot say that the result reached by the trial court's judgment was in error. There is ample evidence in the record, the probative value of which was neither destroyed nor impeached by petitioners, which reasonably support City's conclusions that routing the sewer under the public street was not practicable.

Order of the trial court affirmed.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES, SIMMS, DOOLIN, JJ., concur.