Dear Director Crowley
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
 Do the provisions of 69 O.S. 304 and 69 O.S. 1203 (1991), authorize the Oklahoma Department of Transportation to acquire lands outside of a highway right-of-way (e.g., wetlands or other environmentally sensitive lands) in order to meet federal requirements, whether for present or future use?
¶ 1 The Oklahoma Department of Transportation ("ODOT" or the "Department") is overseen by the Transportation Commission (the "Commission"). 69 O.S. 301 (1991). Section 69 O.S. 304 of title 69 enumerates various powers of the Commission, providing in part:
 (a) The construction and maintenance of the state highway system, and all work incidental thereto, shall be under the general supervision and control of the Transportation Commission.
 (b) The Commission shall have power to make all final decisions affecting the work provided for herein, and all reasonable rules and regulations it may deem necessary, not inconsistent with this code, for the proper management and conduct of such work, and for carrying out the provisions of this article, in such manner as shall be to the best interest and advantage of the people of this state.
* * * * *
 (d) The Commission shall have authority to make all contracts and do all things necessary to cooperate with the United States Government in matters relating to the cooperative construction, improvement and maintenance of the state highway system, or any road or street of any political or governmental subdivision or any municipal or public corporation of this state, for which federal funds or aid are secured. Such contracts or acts shall be carried out in the manner required by the provisions of the Acts of Congress and rules and regulations made by an agency of the United States in pursuance of such acts.
(Emphasis added.)
¶ 2 In addition, 69 O.S. 1203 (1991), provides in part:
 (a) The Department shall have authority to acquire in fee simple in the name of the State of Oklahoma, by purchase, donation or condemnation, lands or such interests therein as in its discretion may be necessary for the purpose of establishing, constructing and maintaining state highways or relocations thereof, and facilities necessary or incident thereto, including borrow areas, channel changes and deposits of rock, gravel, sand and other road building material for use in highway construction and maintenance. Such acquisition may be for immediate or future use. The Department may acquire reasonable amounts of land adjacent to its normal right-of-way for the purpose of screening unsightly areas adjacent to highways, landscaping safety rest areas and scenic overlook areas.
(Emphasis added.)
¶ 3 The primary goal of statutory construction is to ascertain and give effect to the expressed legislative intent. State exrel. Cartwright v. Georgia Pacific Corp., 663 P.2d 718 (Okla. 1982). There is no room for statutory construction or provision for further inquiry when the Legislature plainly expresses its intent. Hughes Drilling Co. v. Morgan, 648 P.2d 32 (Okla. 1982).
¶ 4 The legislative intent apparent in 1203 reflects that the Legislature authorized ODOT to acquire, by purchase, donation or condemnation, land necessary for the construction and maintenance of highways within the state. This is consistent with the mandate of art. XVI, 1, of the Oklahoma Constitution for the Legislature to provide for the building and maintenance of public highways. ODOT's authority to obtain lands is limited by this section to those lands "necessary" for this objective, and 69 O.S. 1203
(1991), sets forth also the procedure ODOT must follow for condemnation. Whether obtaining a particular piece of land is necessary is a question of fact outside the scope of an Attorney General opinion. 74 O.S. 18b (1992). See also, Luccock v. Cityof Norman, 578 P.2d 1204 (Okla. 1978). Section 69 O.S. 1203
does, however, specifically provide that acquisitions may be for present or future use.
¶ 5 Title 69 O.S. 304 (1991), provides that the Commission has the authority to make all contracts and do all things necessary to cooperate with the United States Government in matters relating to the construction, improvement and maintenance of the highway system for which federal funds or aid can be secured. Such acts by the state shall be in compliance with federal laws, rules and regulations. Federal regulations require that states comply with certain guidelines in the construction and placement of highways in order to obtain federal assistance to construct highways. 23 C.F.R. 777.3 and 777.5. These may include the replacement of wetlands or other environmentally sensitive lands lost because of highway construction. Id.
¶ 6 There is a presumption that every provision of a constitutional or statutory enactment was intended for some useful purpose. Knapp v. State, ex rel. Commissioners of StateLand Office, 243 P.2d 660 (Okla. 1952).
¶ 7 Where possible, relevant portions of a statute and related enactments will be considered together to give force and effect to all of them. Clifton v. Clifton, 801 P.2d 693 (Okla. 1990).
¶ 8 As we have seen, under the provisions of 1203 the Department is vested with the authority to acquire land which the Department, in its discretion, finds is necessary for the establishment, construction and maintenance of a highway. The Commission is authorized under 69 O.S. 304 to do all things necessary to cooperate with the United States Government in matters related to the construction, maintenance or improvement of highways in which federal funds have been secured and, in so doing, must comply with acts of Congress and federal regulations. Thus, the Department, under the Commission, may exercise its discretion to acquire lands necessary to comply with federal laws and regulations dealing with highway construction, maintenance or improvement.
¶ 9 In A.G. Opin. No. 74-190, the Attorney General interpreted69 O.S. 304 (1991), in regard to a conflict between federal regulations and a state-imposed requirement as to maintenance bonds. In that opinion, this office said:
 The public policy of this State to comply with federal statutes and regulations relating to federal highway projects is clear from 304. The conflict between federal regulations and H.B. 1665 relative to the maintenance bond requirements should be resolved in favor of compliance with the federal regulation.
¶ 10 A.G. Opin. No. 74-190 states accurately the policy of the Legislature to grant ODOT reasonable discretion to take action necessary to secure federal assistance for state highway projects. ODOT would be significantly restricted from carrying out its duties to construct highways if it were precluded from complying with federal laws and regulations to obtain federal funding.
¶ 11 In A.G. Opin. No. 81-148, Attorney General Cartwright reached a different conclusion about 69 O.S. 304 and 69 O.S.1203 (1991). In that opinion, it was determined that 304 must be read strictly to limit the authority of the Commission and the Department to acquire lands in order to avoid an unconstitutional delegation of authority by the Legislature. That opinion disregarded the legislative intent of 304.
¶ 12 Further, legislative enactments are presumed to be constitutional unless plainly and clearly within express prohibitions and limitations fixed by the constitution. Spearmanv. Williams, 415 P.2d 597 (Okla. 1966). Any doubt should be resolved in favor of the Legislature. Id. Sections 1203 and 304 are not constitutionally unsound as unlimited grants of authority or contrary to any express prohibition or limitation in the Oklahoma Constitution. Instead, these sections grant ODOT only the authority to do what is reasonably necessary to accomplish its statutory obligation in accordance with surrounding circumstances. A.G. Opin. No. 81-148 is hereby withdrawn.
 ¶ 13 It is, therefore, the official opinion of the Attorney General that the provisions of 69 O.S. 304 and 69 O.S. 1203 (1991), authorize the Oklahoma Department of Transportation to acquire lands outside of a highway right-of-way, whether for present or future use, when it is necessary to secure federal funds or aid. A.G. Opin. No. 74-190 states accurately the legislative intent of 304. A.G. Opin. No. 81-148 is hereby withdrawn.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL