1977 OK 78

1997 OK 78

**PUBLIC SERVICE COMPANY OF OKLAHOMA, an Oklahoma corporation, Appellee,**

v.

**B. WILLIS, C.P.A., INC., Appellant.**

**No. 83358.**

Supreme Court of Oklahoma.

June 24, 1997.

---

Stratton Taylor, Daphne A. Burns, Carle, Higgins, Mosier & Taylor, Claremore, Kevin Coutant, Doerner, Stuart, Saunders, Daniel, Anderson & Biolchini, Tulsa, for Appellee.

William T. Dickson Tulsa, for Appellant.

SIMMS, Justice:

¶ 1 Certiorari was granted in this eminent domain proceeding to consider a landowner's contention that his constitutional and statutory rights were violated as he was denied any meaningful opportunity for a hearing before Public Service Company was allowed to exercise its asserted right to condemn and take possession of his land. We agree. We vacate the decision of the Court of Civil Appeals, reverse the trial court and remand for further proceedings.

¶ 2 Public Service Company (PSO) commenced this condemnation proceeding to acquire an easement across property owned by Willis (or landowner), for the purpose of building a thirteen mile railroad spur to transport coal to its Oologah power plant. In its petition, PSO alleged that it is a public service corporation duly authorized under 66 O.S.1991 §§ 51–60 and 27 O.S.1991 § 7, to exercise the power of eminent domain, that its acquisition of Willis' property is necessary for a proper purpose and that its efforts to secure the right-of-way by private purchase had been unsuccessful.

¶ 3 Commissioners were appointed and filed their report pursuant to 66 O.S.1991, § 53. Willis filed exceptions to the commissioners' report under 66 O.S.1991, § 55, and alleged that the proposed taking of his prop-

erty was not for a public use or reasonably necessary therefor and demanded a jury trial. Additionally, Willis served PSO with requests for discovery to gather evidence in support of his assertions in an effort to defeat the proposed taking. Among those discovery requests was a request for production of documents which encompassed any resolution of necessity adopted by the Board of Directors of PSO declaring the necessity for acquiring Willis' land for a public use, and a request for all information regarding economic studies, contracts, analyses, and negotiations regarding the project. PSO refused to produce most of the documents including those specified, and Willis subsequently filed a motion to compel discovery.

¶ 4 At a pretrial hearing, the trial court announced that it would grant PSO's request to hear all pending motions and objections including both the landowner's motion to compel discovery and his exceptions to the commissioner's report. Willis objected that the matter was premature for the trial court's determination at that time. He argued that his reason for filing the motion to compel was to obtain relevant evidence to present at a proper trial on his exceptions to the report so that he could support his defense that the proposed taking was neither for public use nor necessary therefor. He argued that PSO had failed to carry its initial burden of proof as to its right to condemn his property because it had not presented any evidence in support of the allegations of its petition. Willis submitted that in the absence of introducing a resolution by its Board of Directors declaring the necessity of taking his property for a public use, the utility did not present a prima facie case and was not entitled to prevail on its petition.

¶ 5 PSO contended that discovery for the landowner was irrelevant. It argued that because it had a legislative grant to condemn property pursuant to 27 O.S.1991 § 7, Willis had no right to contest its taking of his land. The trial court held in favor of PSO and overruled both Willis' motion to compel discovery and his exceptions to the commissioners' report. The court ruled that PSO was not required to file a resolution of necessity with its petition and held further that a

simple allegation of necessity in the petition was sufficient to sustain PSO's case. For this determination, the court relied on its interpretation of the holding in *McCrady v. Western Farmers Elec. Cooperative*, 323 P.2d 356 (Okl.1958). The trial court also found that in the event a resolution of necessity were required, the issue had become moot because subsequent to the pretrial hearing, PSO had submitted a supplemental brief and attached thereto a certified copy of a resolution of necessity asserted to have been adopted by its Board of Directors.

¶ 6 Willis appealed. He argued that by allowing PSO to seize his property for a purported but disputed necessary public use without granting him an adversary hearing on his challenge to the taking, the district court had ignored his constitutional and statutory rights as well as those protected by clear and well-developed Oklahoma case law. Willis contended that the trial court committed error by denying him the right to conduct relevant discovery and holding that a mere unsubstantiated allegation in a petition, unsupported by any evidence whatsoever, was sufficient to entitle PSO, acting under the sovereign power of eminent domain, to take his property.

¶ 7 The Court of Civil Appeals affirmed the trial court in part and reversed in part. That Court did agree with Willis that the trial judge abused his discretion in denying Willis his right to conduct relevant discovery and, to that extent, it reversed the trial court and remanded the matter for a hearing on the issue of whether the intended taking was for public use. The Court of Civil Appeals agreed with the trial court that PSO was not required to file a copy of a resolution of necessity with its petition, and it also followed the trial court's interpretation of *McCrady v. Western Farmers Elec. Cooperative*, supra, and held that a resolution declaring the necessity of the taking was unnecessary because the mere act of filing a petition which alleges the necessity of the taking, "raises a rebuttable presumption that the condemnation is necessary for public good." The Appeals Court held that at the hearing before the trial court on remand, Willis would accordingly bear the burden of proof to rebut a presumption in favor of PSO that the taking is necessary for a public purpose.

¶ 8 On certiorari, Willis points out that the combined result of the actions of the trial court and the Court of Civil Appeals has been to deny him all opportunity to present any defense to PSO's action to take his property over his protests. PSO has put on no proof whatsoever in support of its petition and none will be required at the hearing on remand before the trial court, as the Court of Civil Appeals has placed the burden of proof on him rather than the condemning authority where it should be, all in violation of Okla. Const. 2 §§ 23, 24 and 66 O.S.1991 §§ 53, et seq.

¶ 9 PSO also sought certiorari, contending that the portions of the Court of Civil Appeals' decision allowing Willis' discovery requests and holding that the adversarial hearing before the trial court had not been adequate in all respects were erroneous. Certiorari was previously granted to both parties, however, we do not find PSO's arguments persuasive and deny the utility all requested relief.

¶ 10 Landowner Willis is correct that both the trial court and the Court of Civil Appeals erred in holding that by merely filing a petition for condemnation, PSO established a prima facie case and is thereby entitled to a rebuttable presumption of the necessity of acquiring Willis' property for public use. The trial court and the Court of Civil Appeals misunderstood the holding of *McCrady v. Western Farmers Electric Cooperative*, supra, for that decision does not support the rulings in this case.

¶ 11 In *McCrady*, one of the specific propositions of error raised by defendant landowners was that plaintiff's petitions were insufficient to invoke the court's jurisdiction because they did not allege that a resolution of necessity for condemnation had been adopted by the appropriate body. In answer to that proposition, the Court found that the petitions before it were sufficient to initiate the actions without such allegations. Because the applicable statutes governing the exercise of the power of eminent domain do not explicitly set forth any particular requirements for a pleading invoking the court's

jurisdiction, the Court found certain requirements were implicit. Namely, that the petition disclose that the party seeking condemnation is authorized to exercise such power and that he has been unable to make a voluntary purchase of the property. The specific property sought to be condemned and the owner of that property should be alleged. Further, the Court held, it should appear that the specific property sought to be taken is necessary for the purpose for which the power of condemnation may be exercised. *McCrady* at 359.

¶ 12   The Court in *McCrady* found that the petitions at issue met those general requirements and were therefore legally sufficient. It was in this context of determining the legal sufficiency of the *petitions* that the Court ruled that a "simple allegation" of necessity should be sufficient and that a specific allegation that a resolution of necessity for condemnation had been adopted by the appropriate body was not required. The Court did note there that where a resolution of necessity for condemnation has been adopted by the appropriate body, that determination is legislative in character and the factors overcoming that determination are for the defendant to assert.

¶ 13   Willis points out that the holding in *McCrady* is irrelevant to the issues in this case because it was not the sufficiency of PSO's *petition* which he challenged, but rather the lack of *evidence* presented in support of that petition at the hearing on his exceptions to the Commissioner's report concerning the necessity and purpose of the taking. We agree.

¶ 14   The mere filing of a petition does not establish a prima facie case. It is well-settled that the condemnor has the initial burden of proof on the issues in a condemnation proceeding and meets that burden to the extent of making a prima facie case of necessity by introduction into evidence of a resolution of necessity from the condemning authority, whereupon the burden of proof shifts to condemnee to show that the taking is not necessary. *Rueb v. Oklahoma City,* 435 P.2d 139 (Okl.1967); *Bush v. Oklahoma City,* 194 Okla. 504, 154 P.2d 960 (1944); *Lansden v. Bear, Fall and Coon Creek Water & Soil Conservancy Dist. No. 4,* 370 P.2d 540 (Okl.1962); *Oklahoma Gas and Electric Company v. Chez,* 527 P.2d 165 (Okl.1974).

¶ 15   PSO never attempted to have its resolution admitted into evidence by the trial court. It simply attached the resolution to a supplemental brief. Willis, therefore, had no opportunity to challenge its authenticity under 12 O.S.1991 §§ 3002, 3003, or present any other objections to the trial court regarding the purported resolution. Nonetheless, in ruling in favor of PSO, both the trial court and the Court of Civil Appeals, have considered the resolution supportive of PSO's petition, assuming its authenticity and admissibility without comment. Willis was unable to challenge the resolution's introduction into evidence and consideration by the trial court and instead, has been forced to raise those various objections for the first time to the appellate court.

¶ 16   Condemnation is a proceeding strictly controlled by the constitution and statutes and must be carried out in accordance with specific procedures prescribed by the legislature. Constitutional and statutory provisions relating to eminent domain must be strictly construed in favor of landowner and against the condemning party. *Carter v. Oklahoma City,* 862 P.2d 77 (Okl.1993). All presumptions indulged must be in favor of those whose property is sought to be taken against their will. *Watkins v. Board of Com'rs. of Stephens County,* 70 Okl. 305, 174 P. 523 (Okl.1918).

¶ 17   It is undisputed that private property may not be taken or damaged by the condemning agency unless the taking or damage is necessary for the accomplishment of a lawful public use. Okla. Const. Art. 2, § 23, 24. The law provides a landowner such as Willis with the right and opportunity to contest the condemnor's right to take his property. There is a right to a hearing on all aspects of the plaintiff's right to condemnation upon timely and proper exceptions to the report of commissioners which challenge the condemnor's right to take the intended particular property. Before an entity having eminent domain authority can appropriate private land to its use, all the steps legally

requisite must have been taken. Art. 2 §§ 23, 24 Okla. Const.; 66 O.S.1991, §§ 53, 57; *Allen v. Transok Pipe Line Company,* 552 P.2d 375 (Okl.1976).

■ ¶ 18 Willis has challenged both the character of the use of the proposed taking as a public use and also its necessity to carry out this proposed public use, thereby raising questions of fact which must be adjudicated by the court. The necessity of taking private property for public purposes in eminent domain proceedings must be determined by conditions existing at the time of the taking. "Necessity" does not mean an absolute but only a reasonable necessity, and the power of condemnation may be properly exercised in the absence of fraud, bad faith or an abuse of discretion. Whether it is necessary to take particular property for the economic and efficient accomplishment of a lawful public purpose is a question of fact to be determined from the attendant facts and circumstances developed by the evidence. The findings of the trial court on the issue of necessity of the taking will not be disturbed on appeal where there is evidence to support such findings. *City of Tulsa v. Williams,* supra; *McCrady v. Western Farmers Electric Cooperative,* supra; *Luccock v. City of Norman,* supra.

■ ¶ 19 Under our constitutional provisions and cases interpreting them, the issue of whether a proposed taking is for a "public use" is a judicial question. *McCrady v. Western Farmers Electric Cooperative,* supra; *Arthur v. Board of Com'rs of Choctaw County,* 43 Okl. 174, 141 P. 1 (Okl.1914); *City of Tulsa v. Williams,* 100 Okl. 116, 227 P. 876 (Okl.1924); *Sublett v. City of Tulsa,* 405 P.2d 185 (Okl.1965); *Delfeld v. City of Tulsa,* 191 Okl. 541, 131 P.2d 754 (1942).

■ ¶ 20 The necessity, expediency and propriety of exercising the power of eminent domain are questions of general public policy and are governed by statute. *Arthur v. Board of Com'rs.,* supra; *Luccock v. City of Norman,* supra. A valid declaration of necessity by the appropriate body will be viewed as conclusive by the courts in the absence of a showing of actual fraud, bad faith, or an abuse of discretion by the con-

demning authority. *Rueb v. Oklahoma City,* supra; *Luccock v. City of Norman,* 578 P.2d 1204 (Okl.1978).

¶ 21 Willis is correct. He was wrongfully denied an opportunity to challenge PSO's asserted but unproven right to take his property as well as the right to conduct discovery. The Court of Civil Appeals decision is vacated and the decision of the trial court is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, OPALA, ALMA WILSON and WATT, JJ., concur.

LAVENDER, and HARGRAVE, JJ., concur in part, dissent in part.