**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

B. WILLIS, C.P.A., INC.; BUCK
WILLIS,

        Plaintiffs-Appellants,

v.

JAMES D. GOODPASTER, sued as:
The Honorable James D. Goodpaster;
PUBLIC SERVICE COMPANY OF
OKLAHOMA; JOHN DOE, sued as:
John Doe 1-100,

        Defendants-Appellees.

No. 98-5122

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-1083)

---

Submitted on the briefs:

William T. Dickson, Tulsa, Oklahoma, for Plaintiffs-Appellants.

Richard P. Hix and Jon E. Brightmire, of Doerner, Saunders, Daniel & Anderson,
L.L.P., Tulsa, Oklahoma, Stratton Taylor, of Taylor, Burrage, Foster, Singhal &
Mallett, Claremore, Oklahoma, for Defendants-Appellees.

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

**PORFILIO** , Circuit Judge.

Plaintiffs-appellants B. Willis, C.P.A., Inc. and Buck Willis appeal from the district court's order dismissing their complaint against the Honorable James D. Goodpaster and Public Service Company of Oklahoma (PSO). We affirm. [1]

The underlying facts are set out in more detail in our recent decision in Willis's related appeal. See B. Willis, C.P.A., Inc. v. Public Serv. Co., No. 97-5107, 1999 WL 335207 (10th Cir. May 28, 1999). PSO pursued an eminent domain proceeding to condemn and acquire an easement over plaintiffs' property. Willis challenged the eminent domain proceeding in state court, and ultimately obtained a reversal of the judgment of condemnation and a remand for further proceedings from the Oklahoma Supreme Court. See Public Serv. Co. v. B. Willis, C.P.A., Inc., 941 P.2d 995 (Okla. 1997).

While Willis's appeal was pending, PSO completed a railroad spur over the easement and put it in use. It licensed the Burlington Northern and Santa Fe Railroad Company (Burlington Northern) to use the spur. On April 3, 1995, Judge Goodpaster entered an injunction prohibiting Willis from directly or indirectly interfering with the operation of PSO's railroad spur. This injunction

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

remains in effect, in spite of plaintiffs' attempts in the state courts to obtain its dissolution.

After the Oklahoma Supreme Court ruled in Willis's favor, his attorney sent a letter to the attorney for Burlington Northern. In the letter, he warned Burlington Northern not to attempt to cross plaintiffs' property until obtaining a license agreement. He further notified Burlington Northern that plaintiffs would restore their fence line around the property and would post "no trespassing" signs. PSO filed an application for contempt of court based upon the letter. It does not appear that the contempt of court proceeding has yet been resolved in state court.

Plaintiffs thereafter brought this action in federal district court, asserting claims against Judge Goodpaster and PSO for denial of equal protection, denial of their right to free speech, unjust enrichment, malicious prosecution, and abuse of process. We review the district court's dismissal of plaintiffs' complaint de novo. See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998). We will uphold the dismissal only if, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to plaintiffs, it appears that they can prove no set of facts in support of their claims which would entitle them to relief. See Southern Disposal, Inc. v. Texas Waste Mgm't, 161 F.3d 1259, 1262 (10th Cir. 1998).

## First Amendment claim

The district court's order does not discuss its reasons for dismissing plaintiffs' First Amendment claim. [2] Plaintiffs complain that the contempt citation violated their First Amendment rights.

In their complaint, plaintiffs stated their claim as follows:

> By prosecuting a Contempt of Court action and having Willis bound over for trial on September 25, 1997, for writing a letter PSO . . . and Judge Goodpaster have violated Willis' federally protected right to freedom of speech as guaranteed by the First Amendment to the Constitution of the United States.

Appellants' App. at 7.

Plaintiffs' complaint recites that the injunction which they are charged with violating prohibited them "from directly or indirectly interfering in any manner with the construction, maintenance and operation of [PSO]'s railroad spur." Id. at 7, 56. This injunction "plainly does not abridge free speech on its face." United States v. O'Brien, 391 U.S. 367, 375 (1968). It is directed at conduct–interference with the operation of the railroad spur–rather than speech. See id.

---

[2] As an initial matter, plaintiffs argue that the Oklahoma Supreme Court's decision in their favor makes the injunction against them a nullity. We disagree; the Oklahoma Supreme Court did not decide the issue of use of the easement in plaintiffs' favor. Moreover, that court rejected plaintiffs' attempts to vacate the challenged injunction.

Plaintiffs contend, however, that the injunction violated their First Amendment rights as it was applied to them. We begin by noting that plaintiffs' action of sending a letter to Burlington Northern contained both speech and non-speech elements. The letter was a form of action or conduct as well as advocacy, and it was therefore not entitled to full First Amendment protection. Cf. Healy v. James, 408 U.S. 169, 192 (1972); Appeal of Stann (In re Andrus), 189 B.R. 413, 416 (N.D. Ill. 1995) (holding creditor's actions in posting signs identifying debtor as deadbeat and harassing debtor with threatening telephone calls and in-person statements should be analyzed as conduct rather than pure speech).

Since the injunction was conduct-based and the action by which plaintiffs allegedly violated it contained both speech and non-speech elements, we review the constitutional issue under the O'Brien test. Under this test, we ask whether the injunction

> is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

See O'Brien, 391 U.S. at 377.

The answer to all of these questions clearly is "yes." The power of eminent domain is contained in the Oklahoma Constitution. See Okla. Const. Art. 2, § 24. Burlington Northern, as PSO's licensee, had a statutory right to use the easement

pending final determination of the just compensation question. See Okla. Stat. tit. 66, § 53(C). This right is an important and substantial governmental interest. It would become meaningless if it could not be judicially enforced, however.

The governmental interest in keeping roadways in use and in preventing harassment of those who must use them is unrelated to the suppression of free expression. The injunction's effect on freedom of speech is minimal. It prohibits only that speech or conduct which actually interferes with the operation of the railroad spur. We conclude that the challenged injunction and contempt citation pass constitutional muster.

Our decision is supported by numerous authorities concerning the parameters of the First Amendment right of advocacy. It is without question that courts may sanction parties and their attorneys who engage in harassment of their opponents. See Carroll v. Jaques Admiralty Law Firm, P.C., 110 F.3d 290, 294 (5th Cir. 1997). The First Amendment does not shield improper tactics used by litigants to advance their interests, even if those tactics involve communication of a message. See, e.g., United States v. Fulbright, 105 F.3d 443, 452 (9th Cir. 1997) (rejecting First Amendment challenge to obstruction of justice statute where litigant seeking bankruptcy protection mailed a "notice" to judge charging him with crimes and filed a "citizens' arrest warrant" with the bankruptcy court); cf. Zal v. Steppe, 968 F.2d 924, 927-29 (9th Cir. 1992) (upholding, against First

Amendment challenge, contempt citation against attorney defending abortion protestors who used inflammatory language during court proceedings to refer to abortion providers, though prohibited from doing so by an order in limine). Where the court has entered an injunction to protect a party from harassment and interference with the exercise of his rights, the First Amendment will not operate as an excuse for harassing behavior. Cf., e.g. , Appeal of Stann , 189 B.R. 413 (rejecting First Amendment challenge to contempt citation against creditor who violated injunction against debt collection efforts by harassing debtor with signs accusing him of being a "deadbeat" and by verbally haranguing and threatening him concerning the debt).

Plaintiffs have failed to state a claim for violation of their First Amendment rights. [3] The district court properly dismissed their First Amendment claim.

---

[3] The text of plaintiff's counsel's letter, which appears in the record on appeal, bolsters our analysis. The letter did more than merely express or advocate plaintiffs' position. It warned Burlington Northern not to cross plaintiffs' property without negotiating a license agreement and threatened Burlington Northern with interference with its rail service.

## Remaining claims

Having conducted a careful de novo review of the dismissal of plaintiffs'
remaining claims, we conclude that they were properly dismissed, for
substantially the same reasons stated in the district court's order of June 4, 1998.

The judgment of the United States District Court for the Northern District
of Oklahoma is therefore AFFIRMED.