## STEDMAN v. STATE HIGHWAY COMMISSION.

No. 24905.   Oct. 22, 1935.

Charles Hill Johns, Harold Thweatt, and Houston Hill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., and Claude Weaver, Jr., for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of the State Highway Commission in an action by plaintiff in error to recover consequential damages alleged to have resulted from the taking of a portion of plaintiff's land for highway purposes and the construction of a bridge and roadway thereon.

Plaintiff's land is described as the S. E. ¼ of the N. E. ¼ of section 19, township 1 S., range 2 E., in Murray county.

The Washita river crosses U. S. Highway No. 77, State Highway No. 4, a short distance south and west of the southwest corner of plaintiff's land. The highway runs north and a little east from the river and cuts off a small portion of plaintiff's land at the northwest corner. During the year 1929, a bridge was constructed across the river and the roadway was graded and graveled. In constructing the grade for the road, a relief opening of some 300 feet was made in the grade for the purpose of caring for overflow waters in flood times.

In the spring of 1930, the State Highway Commission decided to pave the highway and for some reason decided that it was necessary to have a strip off of plaintiff's land some 90 feet wide at the north end running to a point some 300 feet south, containing about .69 of an acre. Being unable to secure same by purchase, the state, by the Attorney General, about March 10, 1930, commenced an action in the district court of Murray county to condemn the same. Commissioners were appointed to view the property and consider and appraise the injury to the owner caused by the appropriation sought. They filed their report on April 12, 1930, assessing the damages at: Value of land taken $28; damage to remainder of tract, $30. Total, $58.

The condemnation money was paid to the court clerk May 10, 1930, and by the clerk to Frank Stedman and Marie Stedman on October 16, 1930.

On October 27, 1931, this action was commenced.

Plaintiff alleged the construction and maintenance of the bridge, culverts, drainways, and abutments; that as a consequence of the construction and maintenance plaintiff's premises had been damaged by the diversion of the overflow waters from said river in such a way as to wash away part of plaintiff's land and work great holes in the surface remaining, thereby diminishing the value of his premises to the extent of $2,500.

The plaintiff prayed for the appointment of commissioners to inspect the premises and appraise the injury so caused.

Notice of the application for appointment of appraisers was given, and on November 6, 1931, an order was made appointing three commissioners, and on November 12, the Commissioners made their report assessing the damage at $1,800.

The State Highway Commission filed its exceptions to the report of the commissioners. The grounds of objection set up were that the petition for appointment of appraisers is insufficient at law and does not allege that any part of plaintiff's property was taken for public use, nor that it is necessary to appropriate any portion of plaintiff's property for public use; that plaintiff was seeking only damages claimed to have resulted from the construction of a public highway upon lands belonging to the state; that the action is in form an attempted condemnation proceeding, but in fact an action for damages prohibited by the Eleventh Amendment to the Constitution of the United States; that the action is one against the state to which the state had not consented, and that the matters involved had theretofore been adjudicated in the proceedings theretofore brought by the state to condemn the strip of plaintiff's land for highway purposes, and that no exceptions to the report of the commissioners in that action were ever filed and no appeal taken therefrom, whereby said report had become final as to all compensation and damages resulting from the construction and maintenance of said state highway, bridge, and culverts. Copies of the petition and report of appraisers in the former action were attached.

Plaintiff responded to the objection and moved the court to confirm the award upon the grounds that the action was a proceeding under the powers of eminent domain as provided by the Constitution and laws of the state, and that the defendant had taken such possession of plaintiff's property as to constitute a taking for public use.

The objections of defendant were overruled, and defendant was given time to file its answer, and its request for a jury trial was granted.

Defendant then answered by general denial, plea of res adjudicata, and alleged in substance that the action was to all intents and purposes an ordinary action for damages prohibited by the Eleventh Amendment to the Constitution of the United States, and that the state had not consented to being sued.

As the issues were joined, the cause was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.

The plaintiff presents four propositions, the first three of which we pass for the moment. The fourth proposition is that the court erred in giving instructions 1, 2, 3, 4, 6, and 8.

By the instructions 1 and 2, the court completely ignored the theory upon which plaintiff predicated his action. That, is, that said action was a proceeding in condemnation and not one for damages based upon negligence in the construction and maintenance of the highway, bridge, drains, and culvert.

Instruction No. 1 is:

"You are instructed that the basis of the right of the plaintiff to recover damages for the injuries sustained to his land must be upon a showing by a fair preponderance of the evidence that the plaintiff sustained the injury as a direct and proximate result of the wrongful and negligent construction on the part of the defendants of the bridge, drains and culverts as described and set out in plaintiff's petition."

Instruction No. 2 defined negligence.

Instruction No. 8 is:

"Negligence is never presumed, and must be proved by the evidence, the same as any other fact; and the mere facts that the plaintiff's lands were damaged does not raise any presumption that it was caused by the defendant's negligence."

Instruction No. 6 submitted to the jury the question of res adjudicata as a question of fact.

Under instruction No. 3, the jury might have found for plaintiff under his theory, if no consideration be given to instructions 1 and 2, but could not do so if 1 and 2 be considered, for there was no allegation or proof of negligence in the construction and maintenance of the highway, bridge, drains, and culverts.

It will thus be seen that the trial court considered and treated the action of plaintiff as a proceeding in condemnation under the eminent domain provisions of the Constitution and laws of the state in the joining of the issues and in passing upon the objections raised to the report of the appraisers appointed in this action, and even down to the trial. But in instructing the

jury the court adopted an entirely different theory.

It will thus be seen that the action was commenced and tried by plaintiff upon the theory that the action was properly brought as one in condemnation. The action depended upon the theory that it was in fact an action in damages, and if not an action for damages, then the matters involved were res adjudicata.

There can be no doubt that under the rule announced in State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002, plaintiff was entitled to maintain the action under the eminent domain provision of the Constitution of the state, if timely commenced, as contemplated by section 24, art. 2, of the Constitution, and section 11, ch. 48, S. L. 1923-24, or under said section as amended by section 1, ch. 118, S. L. 1927. It is there held:

"Under section 24, art. 2, of the Constitution, providing that 'private property shall not be taken or damaged for public use without just compensation' a recovery may be had in all cases where private property is damaged in making an improvement that is public in its nature. It is not required that the damages shall be caused by trespass, or an actual physical invasion of the owner's real estate; but if the construction is the cause of the damage, though consequential, the owner of the property damaged may recover."

In such case the element of negligence is in no wise involved. However careful and prudent the State Highway Commission may have been in the construction and maintenance of the highway, bridge, drains, and culverts, if the consequences thereof amount to the taking or damaging private property, the owner thereof was entitled to compensation.

The rule of res adjudicata could not apply, for there is, and was, no claim that plaintiff suffered any injury as a consequence of the taking or use of the small strip of land involved in the condemnation proceeding.

Whatever damage there may have been, if any, was caused by the construction of the highway, the building of the grade, bridge, drain, and culverts, which it appears under the uncontradicted evidence was completed about November, 1926, or at least before May, 1927. There was no claim, and not the slightest evidence, that any damage whatever was caused or resulted to the remaining part of plaintiff's land from the taking of the strip of land which the Highway Commission deemed necessary when it decided to lay the pavement upon the grade built some years before.

There is no connection between the condemnation proceedings commenced by the State Highway Commission and those commenced by plaintiff herein.

In the Smith Case, supra, it is pointed out that chapter 118, S. L. 1927, prescribes the manner in which the freeholders provided for in section 24, art. 2, of the Constitution shall ascertain the compensation to be awarded for consequential damages to private property caused by the construction of a public highway by the State Highway Commission, and the procedure to be followed by the freeholders and the court with reference thereto. It appears that in the Smith Case, supra, the highway was constructed on adjoining land.

The general rule is that in condemnation proceedings, damages are assessed once for all, including in one assessment all injuries resulting from the appropriation. But this rule contemplates and is restricted to the particular appropriation and does not include an injury done by a prior separate appropriation.

The court erred in instructing the jury that the basis of the right of plaintiff to recovery was a showing of injury as a direct and proximate result of the "wrongful and negligent construction" of the bridge, drains, and culverts.

It may be that it was highly necessary that the bridge, grade, drains, and culverts be constructed exactly as they were, and still the consequences be that plaintiff's property was seriously damaged.

It was also error to submit to the jury the question of res adjudicata.

It is contended that the court erred in allowing defendant a jury trial, in that the report of the commissioners appointed by the court to assess the damages was filed with the court clerk on November 12, 1931. That no demand for a jury trial was ever made in writing. That oral request was not made until March 4, 1932, nearly four months after the report of the commissioners was filed.

Section 11933, O. S. 1931, provides that the award may be reviewed by the district court on written exceptions filed by either party, in the clerk's office within 60 days after the filing of such report, or either party may within 30 days after the filing of such re-

port file with the clerk a written demand for a jury trial, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted in the same manner as civil actions in the district court.

Section 24, art. 2, of the Constitution provides that the compensation must be ascertained by a board of commissioners of no less than three freeholders, in such manner as may be prescribed by law, and that any party aggrieved shall have the right of appeal, without bond, and to trial by jury in a court of record.

While the Constitution guarantees the right of appeal, it does not prescribe the manner, nor time within which, the appeal must be taken. This is left to be fixed by law.

Section 11933, supra, provides the manner in which the "appeal" or jury trial shall be taken. That is, by written demand for trial by jury. It also limits the time within which the demand must be filed.

There being no demand for a trial by jury filed within the time allowed by law, there was no authority in the court to grant such trial upon a demand filed after the expiration of the 30 days.

Counsel for defendant contend that filing exceptions to the report within the time allowed by law for filing a demand for a jury trial brought the case into the district court for all purposes, and that the court was authorized under the provisions of section 11933, supra, to make the order granting a jury trial.

The provision relied upon is, "and the court shall make such order therein as justice may require." It is intimated that such was the theory of the trial court in making the order.

There might be merit in the contention if the words quoted were all of the provisions of said section on that matter. The remainder of the clause from which the above is quoted is, "either by compensation, rejection or by ordering a new appraisement on good cause shown." Thereby the court is limited to one of three orders, and the granting of a jury trial is not included. The provision for jury trial is effective only upon written demand for a trial by jury filed within 30 days after the filing of the report. Sixty days are given for filing the exceptions to the report. If we should hold that the court had power to grant a trial by jury upon consideration of exceptions filed to the report, then the limitation of 30 days for filing a demand for a trial by jury would be nullified. The effect would be to extend the time for filing a demand for such trial an additional 30 days. Clearly, it is not so intended.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.