## KLINE
### v.
### BOARD OF COUNTY COM'RS OF BLAINE COUNTY.
#### No. 35909.

Supreme Court of Oklahoma.
March 23, 1954.

Murphy & Firestone, Kingfisher, for plaintiff in error.

Fred V. Shirley, Asst. County Atty., Watonga, for defendant in error.

HALLEY, Chief Justice.

The plaintiff, Solomon Kline, was the owner of 160 acres of land in Blaine County and in 1948 he filed this action against the Board of County Commissioners of Blaine County and alleged that they had damaged his land by diverting the natural flow of a valuable stream of water over his land, and had also deepened ditches along a road running to the north of his farm, resulting in overflows and had dug a ditch across his land, all to his damage of the sum of $10,000.

This action as originally filed was to recover consequential damages. After a demurrer was sustained to plaintiff's peti-

tion, he filed an amended petition which the Court construed as stating an action in reverse condemnation. While this action by the Court was excepted to, we find that the attorney then handling the case for Mr. Kline testified that while the original action was for damages, "* * * we amended to condemnation proceedings. * * *" This case is unquestionably one in reverse condemnation.

After some delays, the Court appointed Commissioners to appraise the damages suffered by the plaintiff. They found that he had not been damaged. This report was delivered to the Court Clerk about October 21 or 22, 1952, but was not entered on the docket or stamped filed because there was insufficient costs on deposit.

November 3, 1952, the Court entered an order approving the report of the Commissioners and assessing the court costs against the plaintiff. The report was dated September 12, 1952. On November 12, 1952, the report was actually filed.

December 1, 1952, the plaintiff filed a motion to set aside the judgment of November 3, 1952, because: (1) Entered without notice to or knowledge or consent of the plaintiff; (2) Entered when the case was not set for hearing; (3) Report had not been filed when judgment was entered, and; (4) Plaintiff had no notice or opportunity to appear and demand a jury trial.

█ On December 10, 1952, the Court heard plaintiff's motion and heard evidence produced by both parties. The Court denied plaintiff's motion and he has appealed. Several propositions are presented by the plaintiff but we think that this case can be disposed of by the determination of one question and that is, "Did the plaintiff file a demand for a jury trial within thirty days from the filing of the Commissioners' report?" The written demand for a jury trial was made on December 1, 1952. The Commissioners' report was actually filed on November 12,

1952. It was delivered to the Court Clerk of Blaine County on October 21 or 22, 1952, but was not filed because of lack of court costs. We do not consider this as being filed in contemplation of 66 O.S. 1951 § 55, where these words are used, "or either party may within thirty days after the filing of such report file with the clerk a written demand for a trial by jury". In our opinion nothing short of the actual filing of the Commissioners' report can start the running of this thirty days that is given the parties to demand a jury trial. It is different from that line of authorities which provide that where a pleading must be filed by a certain time as a motion for a new trial that delivering it to the clerk is a filing in contemplation of law as found in Bauer v. Samples, 181 Okl. 161, 72 P.2d 813, and Boland v. Heck, 179 Okl. 403, 65 P.2d 1213. However, that rule was invoked to favor the pleader.

Here the plaintiff had out of county counsel who retained local counsel without plaintiff's knowledge and plaintiff had no information whatever of the delivery of the report to the clerk and if he had looked at the appearance docket in the case that would not show that the Commissioners' report had been filed. Something had to be done to apprise a party that the time in which to file the demand for a jury trial had started to run and only actual filing would do this in the case at bar.

█ We held in State ex rel. Southwestern Natural Gas Co. v. Brewer, 184 Okl. 129, 87 P.2d 954, that Sec. 55 supra, should be strictly construed in favor of the property owner and against the condemning party. This case is reversed with instructions to the trial court to grant the plaintiff a jury trial.

JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.