**WESTERN FARMERS ELECTRIC COOPERATIVE, a Corporation of Anadarko, Oklahoma, Plaintiff,**

v.

**Vance L. ROWLETT and Mildred Rowlett, Defendants.**

**No. 36487.**

Supreme Court of Oklahoma.

Sept. 27, 1955.

Chamberlin & Slagle; Frederick, H. C. Ivester, Sayre, for plaintiff in error.

Ryan Kerr, Oden & Oden, Yates & Braddock, Altus, for defendants in error.

DAVISON, Justice.

This is an action in condemnation brought by the plaintiff, Western Farmer's Electric Cooperative, against the defendants, Vance L. Rowlett and Mildred Rowlett, wherein the plaintiff sought, by eminent domain, to acquire a right of way for an electric transmission line across the lands belonging to the defendants. The parties will be referred to as they appeared in the trial court.

Although this action is for the same purpose, except as to involving different lands, as cause number 36,485, entitled Western Farmers Electric Cooperative v. Yates etc., Okl., 288 P.2d 723, the issues here presented are not the same. We are not here called upon to pass on the merits of the case, as was necessary in the Yates case, supra. The questions here are relative to procedure solely. Therefore, only those facts having a bearing on the questions need be delineated in detail.

Plaintiff filed its petitions seeking, by right of eminent domain, an easement or

right of way for its electrical transmission line across a quarter section of land owned by the defendants. In regular order, Commissioners were appointed by the court to assess the resultant damages for which the defendants were entitled to be compensated. On January 6, 1953, said commissioners filed their report, fixing the value of defendants' damage at $950. Subsequently and on January 28, 1953, plaintiff filed a demand for a jury trial on the question of damages. After that and on November 27, 1953, the defendants, by leave of court, also filed a demand for jury trial thereof. When the case was called for trial, plaintiff moved the court to strike defendants' demand for jury trial for the reason that it was not filed within the time provided by statute, 66 O.S.1951 § 55. The motion was denied and exceptions saved. Plaintiff then requested, of the court, the right to open and close the trial of the case. This request too was denied and exceptions saved. At the close of the evidence and before the submission of the case to the jury, plaintiff renewed its motion to strike defendants' demand for jury trial and also sought permission to withdraw its own demand for jury trial, and moved the court to discharge the jury from further consideration of the case. Exceptions were duly saved to the orders of the trial court respectively denying the several motions and requests.

As to the right to open and close the trial to the jury, the question has been determined, in a number of jurisdictions, fundamentally dependent upon the issues to be tried de novo after exceptions to, and appeal from, the report of commissioners. In Lewis on Eminent Domain, 2nd Ed., it is stated as follows:

Page 942–3: "In the trial of other issues than the amount of damages, such as the necessity of taking particular property or the public utility of a particular improvement, the burden of proof is upon those who are seeking to have the appropriation made, and they are entitled to open and close the case."

Page 939: "On the trial of the question of damages, the right to open and close the case is in the owner of the land taken or damaged."

In considering the Oklahoma statute, 66 O.S.1951 § 55, in the case of State ex rel. Attorney General v. LeVan, 182 Okl. 371, 77 P.2d 748, this court pointed out that, under our statutes, the only issue to be tried to a jury in a condemnation case is the assessment of the amount of damage. Therefore, the following rule adopted in Missouri and followed in the case of Kansas City & Grandview Ry. Co. v. Haake, 331 Mo. 429, 53 S.W.2d 891, 84 A.L.R. 1477, is applicable in this jurisdiction as follows:

"On a trial de novo on exceptions to the award of damages by commissioners in condemnation proceedings, the defendant in such proceedings is properly permitted to open and close, he having the burden of establishing his damages."

We conclude that the trial court was correct in denying plaintiff's request to open and close the trial of the instant case.

The other proposition for consideration is whether or not the trial court erred in denying plaintiff's motion to strike defendants' demand for jury trial and in denying plaintiff's motion to withdraw its demand for jury trial. This court has heretofore had occasion to consider separately the two respective phases of the proposition, but the combination of the two has not arisen before. Had plaintiff not filed a demand for jury trial, there would have been "no authority in the court to grant such trial upon a demand filed [as was defendants'] after the expiration of the thirty days." As provided by 66 O.S. 1951, § 55. Stedman v. State Highway Comm., 174 Okl. 308, 50 P.2d 657, 661.

Had the defendants not filed a demand for jury trial, the plaintiff would have had the "right to discontinue its petition for a jury and accept the award of the commission [and] * * * if the company filed such discontinuance, the landowner, not having applied for a jury, was not entitled to insist upon a trial by jury." Short v. State Highway Comm., 151 Okl. 85, 1 P.2d 676, 677.

In the Stedman case, supra, it was also said that,

"Section 11933, supra, provides the manner in which the 'appeal' or jury trial shall be taken. That is, by written demand for trial by jury. It also limits the time within which the demand must be filed."

Thus the procedure for perfecting an appeal from the report of commissioners to a trial by jury is regulated by statute, much the same as appeals from district courts to this court are also so regulated. The defendants in the instant case stood in much the same positions as cross appellants. In perfecting their appeal or cross appeal the defendants were required to comply with the statute as to method and time if they desired to avail themselves of the right to jury trial. This they did not do in that their demand for jury trial was filed long after the statutory time therefor had expired. The rule has long been established in this jurisdiction, as to appeals to this court, that a failure to file a cross petition in error before the expiration of the time provided by statute is fatal to the cross appeal. One of the later cases following that rule is Paschall v. Royalties Inc., 197 Okl. 654, 174 P.2d 914. That holding is, as to a cross appeal, entirely in harmony with the holding in the Stedman case above, as to a demand for jury trial in a condemnation action.

The conclusion then follows, in the case at bar, that defendants' demand for jury trial was a nullity and invested the District Court with no authority to proceed with the matter. Plaintiff had the right under the authority of the Short case, supra, to withdraw its demand for jury at any time before the submission of the case. The trial court was in error in not permitting such action.

The judgment is reversed and the cause remanded with directions to deny defendants' demand for jury trial and confirm the damages as found in the report of commissioners.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.