**TRANSOK PIPE LINE COMPANY, a corporation, Petitioner,**

**v.**

**John Q. ADAMS, Judge of the District Court in and for the Twelfth Judicial District of Oklahoma, Respondent.**

**No. 44936.**

Supreme Court of Oklahoma.

Sept. 14, 1971.

Original application for Writ of Prohibition by petitioner Transok Pipe Line Company, a corporation, against John Q. Adams, Judge of the Twelfth Judicial District of the State of Oklahoma. Writ granted.

Robert L. Lawrence, Charles B. Crane, Tulsa, for petitioner.

Gerald E. Kamins, Tulsa, for respondent.

DAVISON, Vice Chief Justice.

This matter is presented on an application to this court to assume original jurisdiction and petition for writ of prohibition ordering the respondent to desist and refrain from further proceeding with cause No. C70–223, District Court, Rogers County, Oklahoma, insofar as it pertains to Charles C. Baker and wife, owners of Tract No. I, and that respondent be ordered to reverse its previous ruling, overruling petitioner's motion to strike.

On September 24, 1970, petitioner (as plaintiff) filed its suit in condemnation against Charles C. Baker and his wife,

Margaret Baker and others, in cause No. C70–223 in the District Court in and for Rogers County, Oklahoma. Proper legal notice was given the defendants. The District Judge (respondent herein) appointed commissioners on October 19, 1970. The commissioners properly filed their report in the office of the Court Clerk on November 13, 1970. The defendants, Bakers, filed their demand for jury on January 14, 1971. On February 19, 1971, petitioner filed its motion to strike defendants Bakers' demand for jury trial for the reason the same was not timely filed, i. e., sixty-two days after the Report of Commissioners had been filed, same being two days after the sixty day period allowed by law for the filing of Request for Jury Trial. Petitioner's motion to strike the demand for jury trial was overruled on April 7, 1971, thus resulting in the present litigation.

On December 11, 1970, the defendants, Bakers, filed objections and exceptions to the report of the commissioners and on April 2, 1971, defendants Bakers filed a demurrer attacking petitioner's right to use the power of eminent domain. On January 12, 1971, petitioner herein filed "Motion to Approve the Filing of the Report of Commissioners and to Confirm taking in Condemnation." This motion to confirm was heard on February 3, 1971, resulting in an order on said date by the court affirming the motion of petitioner and affirming and allowing the taking of the involved premises by condemnation. No appeal was taken from said order and same became final.

The pertinent effective statute to be considered for determination of the case is Title 66 O.S.1961, § 55, which reads in part as follows:

"Review of commissioners report— Jury Trial " * * * or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, * * * and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court, * * * "

The petitioner argues that the notice was not timely filed and that respondent thereby lost the right of a trial by jury.

■ The respondent argues that since the notice for a demand for jury trial was deposited in the U.S. mail in the City of Tulsa on January 11, 1971, (being a Monday), one day before the sixty day filing period expired, although not filed in the office of the clerk until two days after the running period, was sufficient to meet the statutory requirement. We do not agree.

■ This court has consistently held that filing of demand for jury trial is effective only for the period allowed by statute after the filing of the report. Stedman v. State Highway Commission, 174 Okl. 308, 50 P.2d 657; Kline v. Board of County Commissioners, Okl., 268 P.2d 281; Western Farmers Electric Co-Op. v. Rowlett, Okl., 288 P.2d 726; State ex rel. Department of Highways v. Brown, Okl., 462 P.2d 261. We continue to so hold.

The respondent next argues that since the petitioner timely filed a request for a jury trial but withdrew its request after the statutory period had run that the demand for jury trial by either party should toll the running of the sixty days to the other party. Respondent argues that once a jury trial is timely requested, "it becomes simply a redundancy of paper work for the other party to file, unless or until such time as the first party who demanded jury trial withdraws such demand."

The above question has been fully answered adversely to respondent's contention in the case of Western Farmers Electric Co-op. v. Rowlett, supra, wherein we held that in a condemnation action, the condemnor, within the time provided by statute, files a demand for jury trial and, after the expiration of said time, the condemnee also files a similar demand, it was error for the trial court to deny plaintiff's motion to withdraw its demand and to strike defendant's demand, when the same was interposed before submission of the case to the jury.

Respondent further argues that the 1970 amendment to Title 66 O.S.1961, § 55, which became effective on January 1, 1971, is favorable to their position in that it shows the intent of the legislature.

It will be noted that this amendment was not in effect at the time the present litigation was begun. The amendment provides for further process by requiring the court clerk to give notice to the condemnee within ten (10) days after the report of the commissioners is filed. The effective law at the time the present case was filed and at the time the commissioners' report was filed did not require the court clerk to notify the condemnee of the filing of such report. At any rate the Bakers knew of the filing of the commissioners report and had ample time to make timely demand for jury.

■ The Bakers, through respondent, further argues that there is a matter before the Corporation Commission involving the safety of petitioner's pipeline laid pursuant to this condemnation. It is argued that until the Corporation Commission makes its order in such matter the running of the sixty days should be tolled. The proceedings before the Corporation Commission are in no way germane to the condemnation litigation.

In petitioner's original petition for condemnation it was alleged that it was a corporation duly organized, existing and doing business under and by virtue of the laws of the State of Oklahoma, authorized and qualified to engage in the business of transmitting and transporting natural gas by pipeline and the distribution and sale thereof to industrial customers throughout the State of Oklahoma, and that by virtue of the public nature of its said business, and specifically, 52 Okl.Stats.Ann. § 22 and § 27, and 66 Okl.Stats.Ann. § 51 to § 60, inclusive, it was endowed by law with the right of eminent domain.

■ The demurrer attacking petitioner's right of eminent domain was not filed until two months after the motion to confirm commissioners' report was affirmed by the trial court. The demurrer came too late and was for all purposes passed upon and decided by the court in the affirmance of the commissioners' report. The case of Town of Ames v. Wybrant, 203 Okl. 307, 220 P.2d 693, cited by respondent is distinguishable for the reason that in the cited case the challenge to the right to condemn was timely filed under the statute.

In the present case the Bakers having filed their motion, and the petitioner having, on February 19, 1971, filed its motion to strike the demand of Bakers for a jury trial, we are of the opinion and hold that the trial court erred in its order of April 7, 1971, in overruling petitioner's "motion to strike." Under the circumstances of the case the trial court had lost jurisdiction to grant a jury trial.

It is the order and judgment of this court that a writ be issued to the respondent directing him to sustain the motion of petitioner to strike the demand for a jury trial on behalf of Charles C. Baker et ux., in said cause, and commanding him to cease, desist and refrain from proceeding further in Cause No. C70–233.

All Justices concur.