2008 OK 103

STATE of Oklahoma, ex rel. DEPART-
MENT OF TRANSPORTATION,
Plaintiff/Appellee,

v.

Charles G. PERDUE and Linda Sharon
Perdue, Husband and Wife,
Defendants/Appellants,

and

Central National Bank, Poteau, Okla-
homa; and the Leflore County
Treasurer, Defendants.

No. 105,297.

Supreme Court of Oklahoma.

Dec. 9, 2008.

Barry K. Roberts, Norman, OK, for Plaintiff/Appellee.

K. Ellis Ritchie, Ryan M. Roberts, Pryor, OK, for Defendants/Appellants.

KAUGER, J.

¶ 1 The issue presented is whether the trial court erred by confirming the amended report of the commissioners, despite the fact that ODOT filed an exception requesting the amended report nearly two years after the statutory filing period had expired. We hold that it did.

### FACTS

¶ 2 On July 2, 2004, the Oklahoma Department of Transportation (ODOT) filed a petition to condemn two parcels of real property, about one and a half acres in total, along U.S. Highway 59 in LeFlore County in order to widen the highway. The property was owned by Charles G. Perdue and Linda Sharon Perdue (appellants/Perdues). On August 12, 2004, three commissioners were appointed and instructed. The commissioners filed their first report on March 3, 2005, estimating just compensation to be $9,500.

¶ 3 By statute, if a jury's award exceeds the commission's award by at least ten percent, the landowner is entitled to reasonable attorney, appraisal, engineering, and expert witness fees actually incurred.[1] If a jury's

---

1. Title 66 O.S.2001 § 55(D) provides in pertinent part:
 ... [I]f the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding. The

award does not exceed the commission's award, all costs may be taxed against the landowner.[2] Operating under these parameters, ODOT filed a demand for jury trial on March 9, 2005. The Perdues filed a demand for jury trial on April 26, 2005, and hired attorneys, appraisers, engineers, and other experts to challenge the commissioners' award in a jury trial. Neither party filed an exception to the report of the commissioners, nor challenged the validity of the report or of the taking. The property was taken on May 6, 2005, when ODOT deposited $9,500 with the LeFlore County District Court.

¶ 4 In the course of construction, it became necessary to move the utilities 300 feet farther than originally planned. This created two new expenses of which neither party had been aware at the time of the first commissioners' report: 1) a house near the north parcel had to be converted to use bottled propane because a gas line had been cut and the gas company would not replace the line; and 2) three water gaps had to be cut.

¶ 5 On January 31, 2007, nearly two years after the commission filed its report, ODOT filed a motion to direct the commissioners to re-evaluate the estimate of just compensation based on the new expenses. A jury trial had not been conducted at this time. The Perdues objected to the request on the grounds that the motion was: 1) a form of pleading

not permitted by statute; 2) filed nearly two years out of time; and 3) an unfair attempt to avoid an award of fees and costs by seeking a higher commissioners' award on the eve of the jury trial.[3] On April 12, 2007, the trial court conducted a hearing and, on April 19, 2007, it granted ODOT's motion for a re-evaluation of just compensation.

¶ 6 The commissioners reconvened and, on August 3, 2007, filed a second report that adjusted the compensation to $42,800. On August 13, 2007, ODOT filed a demand for jury trial on the second report. The Perdues did not demand a jury trial on the second report, but instead, on August 21, 2007, filed an exception to the amended report of the commissioners. After a hearing, the trial court denied the Perdues' exception and confirmed the amended report of the commissioners on October 22, 2007, finding that ODOT had shown good cause why the commissioners should be reinstructed and holding that the commission had faithfully performed its duties.

¶ 7 Before a jury trial could be conducted, the Perdues filed an interlocutory appeal on November 21, 2007. In an opinion promulgated on August 8, 2008, the Court of Civil Appeals affirmed, holding that a trial court may order a supplemental report from commissioners upon good cause shown.[4] The

sum awarded shall be paid by the party instituting the condemnation proceeding.

2. Title 66 O.S.2001 § 55(A) provides:

The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party, in the clerk's office within thirty (30) days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown; or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court may be taxed against him.

3. Title 66 O.S.2001 § 55(D), see note 1, supra.

4. Title 69 O.S.2001 § 1203(e)(1) provides:

The report of commissioners may be reviewed by the district court, on written exceptions filed by either party in the clerk's office within thirty (30) days after the filing of such report, and the court, after hearing had, shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown. Provided, that in the event a new appraisement is ordered, the Department shall have the continuing right of possession obtained under the first appraisal, unless and until its right to condemn has finally been determined otherwise; or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to the party than the assessment of the commissioners, all costs in the district court shall

Perdues filed a petition for certiorari on August 27, 2008. We granted certiorari on October 20, 2008, to address a question of first impression.

## BECAUSE ODOT FILED ITS EXCEPTION TO THE REPORT OF THE COMMISSIONERS AFTER THE STATUTORY PERIOD FOR FILING AN EXCEPTION TO THE REPORT OF THE COMMISSIONERS HAD EXPIRED, THE TRIAL COURT ERRED BY CONFIRMING A NEW APPRAISEMENT.

¶ 8 The Legislative power of the State includes the power of eminent domain.[5] The power of eminent domain is the inherent power of an entity to take private property for public use.[6] The Okla. Const. art. 2, § 24 acts as a limitation on this inherent power by providing that private property may not be taken for public use without just compensation.[7]

¶ 9 Condemnation is a special proceeding recognized as such by the Oklahoma Constitution.[8] Because condemnation is in a procedural category of its own, the legislature has passed special statutes for the just and orderly functioning of the court when hearing these special proceedings.[9] The procedural requirements set forth for condemnation cases in the statutes are reasonable and must be complied with.[10] Condemnation proceedings are begun by one party filing a petition in district court to appoint a commission made up of three disinterested landowners to determine the amount of just compen-

be taxed against the party. No owner upon whom proper service by publication has been had, as provided in this title, shall be let in to defend after expiration of time for appeal or review of the report of commissioners as above provided has elapsed. Provided, that if, after the filing of exceptions to the report of commissioners as hereinafter provided, the Department shall fail to establish its right to condemn such premises, or any part thereof, the landowner shall be restored to possession of the premises, or part thereof, and the Department shall pay for any damages sustained through the occupation by the Department, and if such damages cannot be determined by amicable settlement they shall be determined by jury trial in the same proceedings.

The Court of Civil Appeals also relied on *State ex rel. Dept. of Transp. v. Watkins*, 1999 OK CIV APP 122, 993 P.2d 144.

5. *City of Midwest City v. House of Realty, Inc.*, 2004 OK 56, ¶ 17, 100 P.3d 678.

6. *In re: Initiative Petition 382*, 2006 OK 45, ¶ 10, 142 P.3d 400.

7. The Okla. Const. art. 2, § 24 provides:

Private property shall not be taken or damaged for public use without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. Any special and direct benefits to the part of the property not taken may be offset only against any injury to the property not taken. Such compensation shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. Provided however, in no case shall the owner be required to make any payments should the benefits be judged to exceed damages. The commissioners shall not be appointed by any judge or court without reasonable notice having been served upon all parties in interest. The commissioners shall be selected from the regular jury list of names prepared and made as the Legislature shall provide. Any party aggrieved shall have the right of appeal, without bond, and trial by jury in a court of record. Until the compensation shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner divested. When possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation. The fee of land taken by common carriers for right of way, without the consent of the owner, shall remain in such owner subject only to the use for which it is taken. In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question.

8. *Board of County Comm'rs of Creek County v. Casteel*, 1974 OK 31, ¶ 20, 522 P.2d 608; *Graham v. City of Duncan*, 1960 OK 149, ¶ 16, 354 P.2d 458; *Epperson v. Johnson*, 1941 OK 374, ¶ 0, 119 P.2d 818.

9. *Board of County Comm'rs of Creek County v. Casteel*, see note 8, supra; *Graham v. City of Duncan*, see note 8, supra; *Oklahoma City v. Wells*, 1939 OK 62, ¶ 34, 91 P.2d 1077.

10. *Board of County Comm'rs of Creek County v. Casteel*, see note 8, supra at ¶¶ 15, 20; *Graham v. City of Duncan*, see note 8, supra at ¶¶ 0, 16.

sation.[11] The commission is to inspect the property, assess the just compensation due the landowner, and file a report of its findings with the clerk of the district court.[12] When the condemnor has paid the amount of just compensation set by the commission into the court, the condemnor may enter the property.[13] The date of the condemnor's payment into the court is deemed the date of taking.[14]

¶ 10 If either party objects to the findings of the commission, the party may file an exception to the report of the commissioners or a request for jury trial. An exception to the report of the commissioners must be filed within thirty days after the filing of the commissioners' report, and the court must confirm or reject the report, or if good cause is shown, order a new report from the commission.[15] A request for jury trial must be filed within sixty days after the filing of the commissioners' report, and the amount of just compensation is then set by a jury in a trial conducted in the same manner as other civil actions.[16] Only a demand for jury trial

11. The Okla. Const. art. 2, § 24, see note 7, supra. Title 66 O.S.2001 § 53(A) provides in pertinent part:

> If the owner of any real property or interest therein ... shall refuse to grant the right-of-way through and over his premises, the district judge of the county in which said real property may be situated shall, upon the application or petition of either party, and after ten (10) days' notice to the opposite party, direct the sheriff of said county to summon three disinterested freeholders, to be selected by said judge as commissioners, and who shall not be interested in a like question.

Title 69 O.S.2001 § 1203(c) provides in pertinent part:

> ... The Department may condemn such lands or interests therein in the following manner: The district judge of the county in which the real property may be situated, upon petition of either party, and after ten (10) days' notice to the opposite party, either by personal service or by leaving a copy thereof at his usual place of residence with some member of his family over fifteen (15) years of age, or, in the case of nonresidents, unknown heirs or other persons whose whereabouts cannot be ascertained, by publication in two issues of a newspaper in general circulation in the county (the ten-day period to begin with the first publication), shall direct the sheriff of the county to summon three disinterested freeholders, to be selected by the judge as commissioners, and who shall not be interested in a like question. The commissioners shall be sworn to perform their duties impartially and justly; and they shall inspect the real property and consider the injury which the owner may sustain by reason of the condemnation, and they shall assess the just compensation to which the owner is entitled; and they shall forthwith make a report in writing to the clerk of the court, setting forth the quantity, boundaries and just compensation for the property taken, and amount of injury done to the property, either directly or indirectly, which they assess to the owner, which report must be filed and recorded by the clerk. A certified copy of the report may be transmitted to the county clerk of the county where the land lies, to be filed and recorded by the county clerk (without further acknowledgment or proof) in the same manner and with like force and effect as is provided for the recording of deeds. The procedure for service by publication as authorized herein shall be the same as provided by law for service by publication in civil actions, except summons need not be issued and served, and except as otherwise provided herein.

12. Title 69 O.S.2001 § 1203(c), see note 11, supra. See also 66 O.S.2001 § 53(C), which provides in pertinent part:

> The commissioners shall be sworn to perform their duties impartially and justly; and they shall inspect said real property and consider the injury which said owner may sustain by reason of the condemnation and they shall assess the just compensation to which said owner is entitled; and they shall forthwith make report in writing to the clerk of the court, setting forth the quantity, boundaries, and just compensation for the property taken, and amount of injury done to the property, either directly or indirectly, which they assess to the owner; which report must be filed and recorded by the clerk. ...

13. Title 69 O.S.2001 § 1203(d) provides:

> Immediately upon payment to the clerk of the court for the use of the owner the sum so assessed and reported to the court clerk as aforesaid, the Department shall thereby be authorized to enter upon the condemned premises, and remove and dispose of any obstructions thereon, by sale or otherwise. If the landowner shall refuse to deliver up possession to the Department, the court shall issue an order to the sheriff of the county to place the Department in possession thereof.

14. *State ex rel. Dept. of Transp. v. Post*, 2005 OK 69, ¶ 2, 125 P.3d 1183; *Kelly v. Oklahoma Turnpike Auth.*, 1954 OK 112, ¶ 9, 269 P.2d 359.

15. Title 66 O.S.2001 § 55(A), see note 2, supra; 69 O.S.2001 § 1203(e)(1), see note 4, supra.

16. Title 66 O.S.2001 § 55(A), see note 2, supra; 69 O.S.2001 § 1203(e)(1), see note 4, supra.

will raise the issue of damages, and only an objection to the report of the commissioners will raise the issue of the necessity of the taking.[17]

 ¶ 11 The Perdues' first argument is that ODOT's January 31, 2007 motion styled "Motion and Authority for Order Directing Commissioners to Re-evaluate Estimate of Just Compensation" was not a motion permitted by the statutory framework for condemnation proceedings. A petition, a demand for jury trial, and an objection to the report of the commissioners are the only three pleadings authorized by statute in condemnation proceedings.[18] However, the meaning and effect of an instrument filed in court depends on its contents and substance rather than on the form or title given it by the author.[19] ODOT's "Motion and Authority for Order Directing Commissioners to Re-evaluate Estimate of Just Compensation" was properly construed by the trial court as an exception to the report of the commissioners.

¶ 12 The Perdues' second argument is that because ODOT filed its exception to the report of the commissioners nearly two years after the thirty day filing period had run, the trial court erred by ordering a new appraisement. ODOT argues that a trial court may order a new appraisement as right and justice may require on good cause shown,[20] and

that the thirty day time period for filing an exception to the report of the commissioners is not a true limitations period but merely a "time anchored restriction."

¶ 13 Although this Court has never explicitly considered whether the time period to file an exception to the report of the commissioners in a condemnation proceeding is a time anchored restriction, we have held that a demand for jury trial in a condemnation proceeding is effective only for the sixty day statutory period.

 ¶ 14 In *Transok Pipeline Co. v. Adams*, 1971 OK 108, 488 P.2d 1256, a condemnation action, the landowner filed a demand for jury trial after the statutory filing period had expired. We held that the trial court erred by failing to sustain the condemnor's motion to strike the landowner's demand for jury trial, finding: "This court has consistently held that filing of demand for jury trial is effective only for the period allowed by statute after the filing of the report ... [w]e continue to so hold."[21] Likewise, an exception to the report of the commissioners in a condemnation action is effective only if filed within the thirty day statutory period; otherwise, it is time-barred. If an exception to the report of the commissioners is filed out of time, a trial court is without authority to order or confirm a new appraisement.[22]

17. *Board of County Comm'rs of Creek County v. Casteel*, see note 8, supra at ¶ 16. *See also State ex rel. Attorney General v. LeVan*, 1938 OK 88, ¶ 7, 77 P.2d 748 (function of jury is to assess amount of damages, function of court is to examine regularity of commission's actions and to supervise proceedings).

18. *Board of County Comm'rs of Creek County v. Casteel*, see note 8, supra. Of course, once a motion for jury trial has been filed, the resultant jury trial is conducted as any other civil action, and the statutory scheme permits the use of ordinary pleadings. Title 66 O.S.2001 § 55(A), see note 2, supra; 69 O.S.2001 § 1203(e)(1), see note 4, supra.

19. *Whitehorse v. Johnson*, 2007 OK 11, ¶ 8 fn. 13, 156 P.3d 41; *Hulsey v. Mid–America Ins. Co.*, 1989 OK 107, ¶ 8 fn. 14, 777 P.2d 932; *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757.

20. Title 66 O.S.2001 § 55(A), see note 2, supra; 69 O.S.2001 § 1203(e)(1), see note 4, supra.

21. *Transok Pipeline Co. v. Adams*, 1971 OK 108, ¶ 7, 488 P.2d 1256. *See also Western Farmers Electric Co-op. v. Rowlett*, 1955 OK 254, ¶ 7, 288 P.2d 726 (trial court has no authority to grant demand for jury trial after statutory period has expired); *Kline v. Board of County Comm'rs of Blaine County*, 1954 OK 93, ¶ 6, 268 P.2d 281 (demand for jury trial was filed within statutory period because commissioners' report was not considered filed until court costs were paid); *Stedman v. State Highway Comm'n*, 1935 OK 1028, ¶ 39, 50 P.2d 657, *overruled on other grounds by Hawks v. Walsh*, 1936 OK 579, ¶ 0, 61 P.2d 1109 (trial court has no authority to grant demand for jury trial after statutory period has expired).

22. ODOT would have us adopt the reasoning of the Court of Civil Appeals in *State ex rel. Dept. of Transp. v. Watkins*, see note 4, supra, to support its proposition that a trial court may order a new appraisement upon a showing of good cause at any time during a condemnation proceeding. It must first be stated that opinions released for

¶ 15 It is undisputed that ODOT filed an exception to the report of the commissioners almost twenty-two months after the statutory period had expired. The trial court was without authority to order a new appraisement by the commissioners or to confirm the amended appraisement.

## CONCLUSION

¶ 16 According to the procedural requirements for condemnation cases, the commissioners are to make an award of just compensation. If a party objects, it has sixty days to make the decision whether to go to the time and expense of requesting a jury trial. The fee award provisions are a major factor in this decision, and entitlement to a fee award is based solely on a comparison of the commissioners' award with the jury's award. The thirty day period for filing an exception allows a landowner to have a final award from the commission before taking a calculated risk that a jury will return a greater award.

¶ 17 ODOT places great emphasis on the fact that expenses unknown to either party arose after the commissioners' first report, but before a jury trial could be conducted. This is not uncommon in condemnation proceedings. The process of construction can be unpredictable, and unanticipated expenses may arise, just as some anticipated damages may not occur.[23] However, there is nothing in the statutory procedure for conducting condemnation proceedings which permits a condemnor to file an exception after the thirty day period simply because a new expense has arisen.

¶ 18 ODOT filed its exception to the commissioners' report well after the thirty day filing period set by statute had expired. The trial court erred by confirming the amended report of the commissioners. The decision of the trial court is reversed, the Court of Civil Appeals opinion is vacated, and the cause is remanded for proceedings consistent with this opinion.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.**

ALL JUSTICES CONCUR.

---

publication by order of the Court of Civil Appeals are persuasive only and lack precedential effect. Rule 1.200(c)(2), Supreme Court Rules, 12 O.S. 2001, Ch. 15, App. 1; 20 O.S.2001 §§ 30.5, 30.14. In *Watkins*, the condemnor timely filed an exception to the report of the commissioners. The trial court ordered a new appraisement based on a showing that certain damages were not apparent from the initial inspection. *Watkins* does not stand for the proposition forwarded by ODOT, nor does it conflict with our holding in the instant cause.

**23.** For example, in *Cities Serv. Gas Co. v. Huebner*, 1948 OK 77, ¶ 1, 197 P.2d 985, a condemnation proceeding based on construction of an underground gas pipeline, the jury trial did not take place until after the pipeline had been constructed. Among the landowner's alleged damages were injuries to property and crops outside the pipeline's right of way and damage from scrap materials left behind from construction. Neither party could have been aware of these damages at the time of the commissioners' report.