2009 OK 40

STATE of Oklahoma, ex rel. DEPART-
MENT OF TRANSPORTATION,
Plaintiff/Petitioner,

v.

Al "Yogi" Kelly COLE; Bank of Amer-
ica; and The Cherokee County Trea-
surer, Defendants/Respondents.

and

State of Oklahoma, ex rel. Department of
Transportation, Plaintiff/Petitioner,

v.

Paula Sissom and Granville Alvin Sissom,
wife and husband; Frank Box and Buel-
lah Box, husband and wife; and the
Cherokee County Treasurer, Defen-
dants/Respondents.

and

State of Oklahoma, ex rel. Department of
Transportation, Plaintiff/Petitioner,

v.

Granville Alvin Sissom and Paula Sissom,
husband and wife; Frank Box and Buel-
lah Box, husband and wife; and the
Cherokee County Treasurer, Defen-
dants/Respondents.

Nos. 106,299, 106,471, 106,474.

Supreme Court of Oklahoma.

June 16, 2009.

Rehearing Denied May 3, 2010.

Jot Hartley, The Hartley Law Firm PLLC, Vinita, Oklahoma for appellant.

Tim Baker, Tim K. Baker and Associates, Tahlequah, Oklahoma for the appellees.

TAYLOR, V.C.J.

¶ 1 The first-impression issue presented to this Court on certiorari from the three interlocutory orders entered in condemnation proceedings is whether an application to withdraw funds which contains the phrase "pending trial on the issues by jury" constitutes a demand for a jury trial as required by title 69, section 1203 when the condemnor waits almost two years before filing a motion to strike the demand and only after the matter has been set on the jury sounding docket at least seven times and set for trial at least once. We answer yes.[1]

## I. FACTS

¶ 2 Unless otherwise noted, the facts here are the same in all three of the above styled cases. On February 13, 2006, the Oklahoma Department of Transportation (ODOT) filed its petitions initiating condemnation proceedings against the defendant landowners in the District Court of Cherokee County, Oklahoma. On March 30, 2006, the district court appointed the commissioners. On July 26, 2006, the commissioners filed reports assessing the just compensation for one property at $7,750.00, for the second at $5,000.00, and for the third at $8,900.00.

¶ 3 The defendants contend and the district court found that on August 21, 2006, the defendants' attorney tendered a Demand for Jury Trial in all three proceedings, which the court clerk refused to file "unless and until accompanied by a jury trial fee." There is no indication that the attorney left the demands with the court clerk or made any other attempt at filing the demands within sixty days after July 26, 2006, the date the commissioners' reports were filed.[2]

¶ 4 On August 24, 2006, the defendants each filed an "Application to Withdraw Funds" in the amount of the commissioners' appraisal, "pending trial of the issues by jury...." On September 27, 2006, the defendants each filed a "Demand for Jury Trial" and paid the jury fee in each proceeding. These demands were filed sixty-three days after the commissioners filed their reports.

¶ 5 Each case was set on the jury sounding docket at least seven times and set for trial at least once. After all three proceedings were set for jury trial, ODOT filed motions to strike each defendants' Demand for Jury Trial and to confirm the commissioners' reports. ODOT argued that the demands had not been filed within title 66, section 55's and title 69, section 1203's sixty-day statutory time limitations. The defendants responded arguing, among other things, (1) that, by tendering their demands for a jury trial on August 21, 2006, they were in substantial compliance with the sixty-day requirement for demanding a jury; (2) that the applications to withdraw funds "pending trial on the issues by jury" met the statutory demand for

---

1. Because the subject cases present the same issue and same set of facts, this single opinion resolves the issue presented in all three.

2. On August 14, 2006, in the Cole case only, number 106,299, the defendants filed an exception to the Commissioners' Report.

the jury trial requirement; and (3) that ODOT was estopped from raising the untimeliness of the demands for jury trial because it had participated in discovery and waited nearly two years before complaining.

¶ 6 The district court found that the sixty-day statutory time period for filing the demands for a jury trial began to run on July 26, 2006, and that the court clerk's refusal to file the demands for jury trial without the payment of the fee did not extend or waive the time period for filing the demands. It determined that the applications to withdraw funds "pending trial of the issues by jury" constituted demands for a jury trial and, having been filed within the sixty-day time period, complied with title 69, section 1203. The district court denied the motions to strike defendants' demand for a jury trial and certified the orders for immediate appeal pursuant to title 12, subsection 952(b)(3). This Court granted certiorari to review the three certified interlocutory orders.

¶ 7 On certiorari review, we are presented with a single issue: Whether the applications to withdraw funds, under the facts presented by the record in this Court, are properly construed as pleadings demanding jury trials under title 69, section 1203 of the Oklahoma Statutes.

## II.  ANALYSIS

■ ¶ 8 The Oklahoma Constitution affords a landowner the right to a jury trial on the issue of damages in a condemnation proceeding.  Article 2, section 24 of the Oklahoma Constitution states:

> Private property shall not be taken or damaged for public use without just compensation. . . . Such compensation shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. . . .

Any party aggrieved shall have the right of appeal, without bond, and trial by jury in a court of record. . . .

■ ¶ 9 This constitutional provision is a limitation on governmental power.  *Bd. of County Comm'rs of Muskogee County v. Lowery*, 2006 OK 31, ¶ 10, 136 P.3d 639, 646. In our analysis, we are ever mindful that our constitutional framers recognized that government's first duty is the protection of life and property.  William H. Murray, *Introduction and Endorsement* to Albert H. Ellis, *A History of the Constitutional Convention of the State of Oklahoma*, at iv (1923).  In keeping with these principles, we are guided by two concepts: (1) constitutional eminent domain provisions and statutes must be strictly construed in the landowner's favor and against the condemnor, *Public Serv. Co. v. B. Willis, CPA, Inc.*, 1997 OK 78, ¶ 16, 941 P.2d 995, 999, and (2) all presumptions must favor the landowner, not the condemnor.  *Id.*

¶ 10 While the Oklahoma Constitution provides a landowner with the absolute right to a jury trial on the question of damages in a condemnation proceeding, it is the Oklahoma Legislature which determines the condemnation procedures for effectuating the right to a jury trial.  *See* 66 O.S.2001, §§ 53, 55; 69 O.S.2001, § 1203.  For land taken by ODOT, condemnation proceedings are governed by title 69, section 1203 of the Oklahoma Statutes.[3]

¶ 11 Condemnation proceedings are initiated by one party filing a petition in the district court.  66 O.S.2001, § 53(A); 69 O.S. 2001, § 1203(c).  Thereafter, the district court names three disinterested freeholders to act as commissioners.  66 O.S.2001, § 53(A); 69 O.S.2001, § 1203(c).  The commissioners inspect the property and file a report which includes their assessment of the amount of just compensation[4] due the land-

---

3.  Title 66, sections 53 and 55 of the Oklahoma Statutes set out the condemnation procedures for many authorized entities other than ODOT. The condemnation procedures set out in title 66, section 53 and 55 are substantially the same as those set out in title 69, section 1203.

4.  As used in title 66, section 53, subsection C and title 69, section 1203, "just compensation" means:

the value of property taken, and in addition, any injury to any part of the property not taken. . . . If only a part of a tract is taken, just compensation shall be ascertained by determining the difference between the fair market value of the whole tract immediately before the taking and the fair market value of that portion left remaining immediately after the taking. 66   O.S.2001, § 53(D); 69 O.S.2001, § 1203(h).

owner for the property taken. 66 O.S.2001, § 53(C); 69 O.S.2001, § 1203(c). Commissioners do not decide the propriety of the taking. *See* Okla. Const. art. 2, § 24 ("In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question."); *Public Serv. Co.,* 1997 OK 78 at ¶ 18, 941 P.2d at 1000. Within ten days after the report is filed, "the court clerk shall forward to the attorney of record for the condemnor, the attorney of record for each condemnee, and to all unrepresented parties, a copy of the report" and a notice setting out the time limits for contesting the amount of damages assessed by the commissioners or the necessity of the taking. 66 O.S.2001, § 53(B); 69 O.S.2001, § 1203(e)(2). Upon the payment of the amount assessed by the commissioners, the taking occurs, *State ex rel. Dept. of Transp. v. Post,* 2005 OK 69, ¶ 2, 125 P.3d 1183, 1185, and the condemnor is entitled to enter upon the land. 66 O.S.2001, § 53(C); 69 O.S.2001, § 1203(d).

¶ 12 Either party may file an exception within thirty days after the commissioners' report is filed to have the court review it. 66 O.S.2001, § 55(A); 69 O.S.2001, § 1203(e)(1). Upon an exception's timely filing, the district court conducts a hearing and, by order, confirms or rejects the report or orders a new assessment for good cause. 66 O.S.2001, § 55(A); 69 O.S.2001, § 1203(e)(1). To invoke the right to have a jury determine the just compensation under titles 66 and 69, a party must file a jury trial demand within sixty days of the commissioners' report being filed. 66 O.S.2001, § 55(A); 69 O.S.2001, § 1203(e)(1). If the court clerk fails to give a party notice of the filing of the commissioners' report within the statutory ten days, either party may apply for an extension of time for filing an exception or a demand for a jury trial. 66 O.S.2001, § 55(C); 69 O.S. 2001, § 1203(e)(1). The court may then extend the thirty-day time limit for filing an exception and the sixty-day time limit for filing a demand for a jury trial for no more than twenty days from the date the application is heard. 66 O.S.2001, § 55(A); 69 O.S. 2001, § 1203(e)(3). Except upon the court clerk's failure to give timely notice of the filing of the commissioners' report, the dis-

trict court may not extend the statutory time for filing the exception or for filing the demand for jury trial. *Transok Pipe Line Co. v. Adams,* 1971 OK 108, ¶ 7, 488 P.2d 1256, 1257.

¶ 13 Both ODOT and the landowners cite *State ex rel. Dept. of Transp. v. Perdue,* 2008 OK 103, 204 P.3d 1279, for their respective positions. In Perdue, ODOT filed a motion entitled "Motion and Authority for Order Directing Commissioners to Re-evaluate Estimate of Just Compensation." *Id.* ¶ 11, 204 P.3d at 1284. Applying the rule that an instrument's meaning and effect depends on its contents and substance rather than on the form or title, we determined that the "motion" was properly construed as an exception. *Id.* Even without searching the controverted motion in Perdue, the title was clear that the party was seeking an exception since a new assessment is one of the only three forms of relief available to the parties from an exception to the commissioners' report. However, because it was filed out of time, it was ineffective as an attack on the commissioners' report. *Id.* ¶ 13, 204 P.3d at 1284.

¶ 14 ODOT argues the substance of the applications to withdraw funds "was to obtain monies on deposit with the court clerk and not to demand a trial by jury." Conversely, the landowners argue that all that is required for a demand for a jury trial is a written filing putting the opposing party on notice that a jury trial is being demanded. Because the applications to withdraw funds are not clearly denominated as a demand for a jury trial and their substance is not clearly a demand for a jury trial, we turn to other authority for guidance.

¶ 15 In 1984, the Oklahoma Legislature adopted the Oklahoma Pleading Code (1984 Code), which replaced the form pleading requirements. 1984 Okla. Sess. Laws 588–628, ch. 164, §§ 1–34 (now codified at 12 O.S.2001, §§ 2001–2027). The 1984 Code governs district court procedures "in all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure." Subsection 2008(F) of the 1984 Code requires all pleadings to be

"construed as to do substantial justice." Even though a special proceeding, condemnation remains civil in nature. Further, we find nothing in the condemnation statutes which is contrary to subsection 2008(F)'s rule. Just as the civil procedure rule that a pleading's meaning and effect will be determined by its substance was applicable to condemnation proceeding as addressed in *Perdue*, the civil procedure rule that pleadings will be construed to do substantial justice are applicable to condemnation proceedings.

¶ 16 The applications, although used as tools to withdraw the funds deposited by ODOT, also alerted ODOT that the landowners intended to have the issue of damages decided by a jury. The parties proceeded for almost two years as if a jury trial had been timely demanded. Given that ODOT waited almost two years after September 27, 2006, the date the jury fee was paid, to question whether the landowners had timely filed a demand for a jury trial; after the cases were set on the jury sounding docket seven times; and after they were set for trial, the trial court correctly construed the applications to withdraw funds in favor of the landowners and found they were pleadings demanding jury trials. Likewise in order to do substantial justice and under the rule that presumptions will favor the landowner, we find the applications for withdrawal of funds are properly construed as pleadings demanding jury trials.

¶ 17 Even though we find that the applications to withdraw funds should be construed as a demand for a jury trial in the present case, it is a risky path to rely on such a document as a pleading demanding a jury trial. The better practice in representation of landowners who wish to challenge the commissioners' assessment of damages in condemnation proceedings is to label the document as a "Demand for a Jury Trial" and to clearly state within the document that the party is demanding a jury trial.

### III. CONCLUSION

¶ 18 The substance of the applications to withdraw funds filed in each of these companion cases does not clearly demand a jury trial. Based on title 12, subsection 2008(F), the rule that the constitutional and statutory eminent domain provisions are to be construed in favor of the landowner, and the rule that presumptions in condemnation proceedings are to favor the landowner, we conclude that the applications to withdraw funds in these companion cases are properly construed as a pleading demanding a jury trial.

### AFFIRMED AND REMANDED.

EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, and REIF, JJ., concur.

WINCHESTER, J., concurs specially.

COLBERT, J., not participating.

WINCHESTER, J., (with whom KAUGER, J. joins) specially concurring:

¶ 1 The majority opinion recognizes that depending on the placement of a reference to jury trial in an application to withdraw funds instead of a separate document labeled "Demand for a Jury Trial" is a "risky path." The facts include the finding by the trial court that the defendants' attorney tendered a Demand for Jury Trial in all three proceedings, but the court clerk refused to file the documents until it was accompanied by a jury trial fee, which fee is required by statute. 28 O.S.Supp.2008, § 152.1(7). The facts also show that each case was set on the jury sounding docket at least seven times and set for trial at least once and that ODOT participated in discovery and waited nearly two years before complaining about the late filing of a demand for jury trial in the three proceedings. These facts, taken together, persuade me this Court reached the correct result in these three cases.

¶ 2 The Court of Civil Appeals in *State ex rel. Dept. Of Transportation v. Mehta*, 2008 OK CIV APP 25, ¶ 19, 180 P.3d 1214, 1219, observed:

"The procedure for ODOT to condemn private land for public use is found at 69 O.S.2001, § 1203 et seq. There are only three (3) pleadings authorized to be filed in a condemnation proceeding: (1) the petition, (2) an exception to the commissioners'

report, and (3) a demand for jury trial. *Board of Cty. Comm'rs of Creek County v. Casteel,* 1974 OK 31, ¶ 15, 522 P.2d 608, 611. Whether additional pleadings may be filed rests in the discretion of the trial court. *Rummage v. State ex rel. Dept. of Transp.,* 1993 OK CIV APP 39, ¶.18, 849 P.2d 1109, 1112 (citing *Incorporated Town of Pittsburg v. Cochrane,* 1948 OK 121, 197 P.2d 287)."

¶ 3 The right to a jury trial may be lost by a failure to file a demand for a jury trial within the 60 days provided by the statute. *State ex rel. Dept. of Highways v. Brown,* 1969 OK 204, ¶ 19, 462 P.2d 261, 266, *cert. den.,* 397 U.S. 991, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970), *reh. den.,* 397 U.S. 1081, 90 S.Ct. 1520, 25 L.Ed.2d 819 (1970).

¶ 4 To properly preserve this important right to a jury trial, a pleading should be filed within the 60 days provided by the statute, entitled "Demand for Jury Trial," to properly alert the parties that such a demand has been made. Placing the demand within another filed document is insufficient to preserve this important right.

¶ 5 Although not briefed, the issue in this appeal would not have arisen had the defendants' attorney paid the $350.00 filing fees, which were due at the time requested by the court clerk, along with pleadings entitled "Demand for Jury Trial." He did not request direction from the judge concerning when the fee was due. Instead, he crafted an "Application to Withdraw Funds" for the defendants in which he inserted the phrase "pending trial of the issues by jury." He subsequently attempted to cover himself by filing the demands for jury trial along with the jury fees, even though these were filed late.

¶ 6 Title 69 O.S.2001, § 1203(d) provides that the state is not authorized to enter upon the condemned premises until funds from the state are placed on deposit with the court clerk "for the use of the owner." The simple and more direct method would have been for the defendants' attorney to use this fund to pay for the demands for jury trial, and the court clerk could transfer the filing fees from that account for that purpose. If a defendant prevails by recovering a verdict more favorable to the assessment of the commissioners, costs in the district court would be payable by ODOT and therefore the defendants would be reimbursed for the jury fees. *State ex rel. Dept. of Highways v. Marshall,* 1974 OK 150, ¶ 15, 530 P.2d 1023, 1026. In the end, the same pleading cost considerably more than $350.00, plus the time and effort consumed to adjudicate the issue.